### 7114. BERRY v. SEABOARD AIR-LINE RAILWAY.

WADE, C. J. 1. The plaintiff was a passenger on a train of the defendant company and was negligently carried beyond the station to which he was entitled to be transported under the terms of the ticket surrendered by him to the conductor of the defendant company. There was evidence that when the train stopped at a distance of a half mile or more beyond the station, the conductor offered, in the presence and hearing of the plaintiff, to back the train to the station and to discharge him at

that point, and tending to show that thereafter he voluntarily left the train at the point where it stopped. Whether the plaintiff heard the proposal of the conductor to convey him back to his station, which the train had passed, and whether his leaving the train voluntarily thereafter, without making any demand that he be conveyed to his proper destination, or awaiting his conveyance back to that point, amounted to consent on his part to his discharge as a passenger from the train at the point where he actually left the train, and so constituted a waiver of his right to nominal damages at least, because of the negligence of the defendant in carrying him beyond his point of destination, were questions of fact for the jury.

2. There is no such substantial merit in any of the special grounds of the motion for a new trial as will necessitate the setting aside of the verdict of the jury. There was evidence to support the verdict, and the trial judge did not err in overruling the motion for a new trial.

<em>Judgment affirmed.</em>

DECIDED JULY 29, 1916.

Action for damages; from city court of Polk county—Judge John K. Davis. November 22, 1915.

*W. W. Mundy, F. A. Irwin,* for plaintiff.

*Brown & Randolph, Ault & Wright,* for defendant.